UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALAN R. RIEKKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA; *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-2312-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendant Bayview Loan Servicing, LLC ("Bayview"). Plaintiff Alan Riekki ("Plaintiff") filed a response in opposition, (ECF No. 37), and Bayview replied, (ECF No. 41). For the reasons set forth herein, the Motion to Dismiss will be denied.

**I.    BACKGROUND**

This case arises out of allegations that Bayview and other creditors falsely reported negative information on Equifax credit reports after Plaintiff's debts had been discharged in bankruptcy. (Am. Compl., ECF No. 22). Specifically, the Complaint alleges that Plaintiff filed for Chapter 13 bankruptcy protection on September 5, 2010. (*Id.* ¶ 12). Plaintiff's Chapter 13 bankruptcy plan was approved by the United States Bankruptcy Court for the District of Nevada on May 2, 2014. (*Id.* ¶ 14). On October 6, 2014, Plaintiff received a bankruptcy discharge that included Plaintiff's debt to Bayview. *See* (*Id.* ¶¶ 18-19). Plaintiff claims that despite the bankruptcy discharge, an Equifax credit report dated February 13, 2015, stated that Plaintiff owed Bayview a past-due balance of $86,864, a total balance of $246,102, and that his account had been "past due" between January 2014 to January 2015. (*Id.* ¶¶ 70-72).

The Complaint states that Plaintiff subsequently sent a letter to Equifax disputing Bayview's negative reporting and clarifying that the debt had been discharged in bankruptcy. (*Id.* ¶¶ 76-77). Even after being timely notified of Plaintiff's dispute, Bayview allegedly failed to correct its reporting to indicate that Plaintiff's debt had been discharged in bankruptcy. (*Id.* ¶ 79). Instead, Bayview allegedly continued to report that Plaintiff's account had been past due between January 2014 to March 2015, and classified the status of Plaintiff's debt as a "collection account." (*Id.* ¶ 84).

Based on these allegations, the Complaint sets forth a cause of action against Bayview for violating § 1681s-2(b) of the FCRA. In the instant Motion, Bayview argues that this cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

The Fair Credit Reporting Act ("FCRA") requires that entities which furnish information to credit reporting agencies report accurate information and take action to investigate notices of dispute by consumers. *See* 15 U.S.C. § 1681s-2. Specifically, 15 U.S.C. § 1681s-2(b)(1) governs the responsibilities of furnishers of information and sets forth the necessary elements to state a claim under the FCRA. *See, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-cv-1543-JCM-PAL, 2015 WL 627927, at *5 (D. Nev. Feb. 12, 2015).

To state a claim under the FCRA, a plaintiff must allege that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E). *Id.*; *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). A furnisher of credit information, upon receiving notice of a consumer's dispute, must conduct a reasonable investigation regarding the disputed information, correct any items found to be incomplete or inaccurate, and report any corrections to all consumer reporting agencies to which it originally furnished the information. *See* 15 U.S.C § 1681s-2(b)(1)(A)-(E).

Here, Plaintiff has sufficiently alleged that Bayview failed to comply with the requirements of § 1681s-2(b). Plaintiff alleges that upon discovering his account with Bayview

was incorrectly reported as "past due," he promptly sent a written dispute letter to Equifax. (Am. Compl. ¶ 76). Plaintiff states that this dispute letter clearly stated that his account with Bayview was included in his bankruptcy "which was filed on 9/05/2010 and discharged 10/06/2014, bearing docket No. 10-26900 in the District for [sic] Nevada." (Am. Compl. ¶ 77). Despite this, Bayview allegedly did not update its reporting to reflect the fact that Plaintiff's debt had been discharged, and instead reported that Plaintiff still had a past-due balance of $92,765, a total balance of $246,102, and a status of "collection account." (*Id.* ¶ 79, 84).

It is well established that a bankruptcy discharge relieves a consumer of a legal obligation to repay a discharged debt. 11 U.S.C. § 727(b). Thus, Bayview's alleged representations that Plaintiff still owed a debt and its implication that the debt might still be collectible following the bankruptcy discharge were inaccurate. Because Plaintiff's dispute letter specified the date of the bankruptcy discharge and clearly identified the relevant bankruptcy case, Plaintiff has plausibly alleged that a reasonable investigation would have revealed these inaccuracies. Therefore, construing the allegations in the Amended Complaint as true, Plaintiff has sufficiently stated that Bayview's failure to correct its reporting after receiving notice of the dispute violated its obligations under the FCRA.[1] Accordingly, the Court finds that Plaintiff has stated a claim under § 1681s-2(b), and Bayview's Motion will be denied.

///

///

---

[1] In its Motion, Bayview asserts that it did not violate the FCRA by reporting Plaintiff's account as delinquent during the pendency of the bankruptcy proceeding. Indeed, the mere fact that a furnisher reports a past-due balance while a bankruptcy stay is in place does not, by itself, give rise to a claim under the FCRA. *Abbot v. Experian Info. Sols., Inc.*, No. 15-CV-05541-LHK, 2016 WL 1365950, at *5 (N.D. Cal. Apr. 6, 2016) ("[W]hether a defendant reports accurate information as required by the FCRA is separate from whether a defendant violates the bankruptcy code."). However, because the Amended Complaint alleges that Bayview continued to report an outstanding balance *after* the bankruptcy discharge, the Court finds that Plaintiff has sufficiently stated a claim for relief.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Bayview's Motion to Dismiss, (ECF No. 25), is **DENIED**.

**DATED** this __10__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court